## Sophie Cairo *vs.* John Cairo.

FEBRUARY 17, 1956 (as of JANUARY 17, 1956).

Present: Flynn, C. J., Condon and O'Connell, JJ.

O'Connell, J. This petition for divorce is before us on the petitioner's exceptions to a decision of the trial justice which denied and dismissed the petition on all the grounds alleged.

The sole ground relied upon in the original petition was neglect to provide. It was later amended to include the additional grounds of extreme cruelty and gross misbehavior and wickedness repugnant to and in violation of the marriage covenant. The petitioner has briefed and argued her exceptions on the sole ground that the trial justice erred

in failing to grant her petition on the ground of neglect to provide. Her other grounds of complaint being neither briefed nor argued are deemed to be waived.

In his decision the trial justice found that in July 1953 within the twelve-month period in question respondent gave petitioner $150; that he did not otherwise contribute to her support during such period, although he was of sufficient ability to do so, having earned about $4,500; and that for a considerable period of time prior to June 3, 1953 he was guilty of neglect to provide. After making those findings he phrased the problem before him as follows: "The question remaining is this: Does the payment of $150.00 during the month of July, 1953, as found above, constitute a good defense against a charge of neglect to provide during the twelve-month period ending June 4, 1954? In other words, has a full twelve-month period of neglect to provide elapsed before the filing of the petition?" The first question he answered in the affirmative and the second question in the negative. In essence, though not in identical language, petitioner and respondent have confined their briefs and arguments solely to a consideration of these questions.

Based on his findings of fact the trial justice held that, since petitioner had received one payment of $150 in July 1953 which was adequate to support her for that month, she was not entitled to a divorce although respondent had made no further payments during the entire year next preceding the filing of the divorce petition.

We cannot agree with such conclusion. In *Lacombe* v. *Lacombe,* 78 R. I. 118, this court had occasion to consider the question here presented. At page 122 we stated: "It appeared in substance that during the year next before the filing of petitioner's petition, which is the period to which our attention must be directed, the respondent for eight months at irregular intervals paid the rent of $13.65 for the apartment in which the petitioner was living. For four of

those months he also contributed $15 a month towards her support making in all about $28 for each of such months. * * * In view of all the circumstances appearing herein we are of the opinion that respondent's payments in those months did not go to the extent of satisfying his legal obligation to support her reasonably in accordance with his ability and should not be so treated." And at page 123 we also said: "Undoubtedly the amount of each payment must be considered in relation to the fulfillment of the husband's legal obligation. However, the time of such payment and the total amount contributed by him during the year in the light of his earnings are also of importance in determining whether a bona fide effort had been made by him to discharge such obligation. In this respect each case must be determined on its own facts."

It appeared in evidence in the instant case that during the period in question respondent earned approximately $4,500. In these circumstances it is clear that during the period of one year next preceding the filing of the petition, the respondent had neglected and refused to support petitioner according to his ability. In our opinion the conclusion of the trial justice would do violence to the evident purpose and intent of the statute. If his conclusion were correct, a husband could on the last week or month of the year make one payment which was adequate to support his wife for *such limited period,* and thereby prevent her from securing a divorce on the ground of neglect to provide, notwithstanding that, regardless of his income, he made no other payment during the entire year.

In view of all the circumstances herein we are of the opinion that the decision of the trial justice was clearly wrong and failed to do justice between the parties.

The petitioner's exception to the decision of the trial justice is sustained, and on March 5, 1956 the respondent may appear before this court to show cause, if any he has,

why the case should not be remitted to the superior court with direction to grant the petition on the ground of neglect to provide.

*Alphonse J. Chowaniec,* for petitioner.

*Joseph A. Kelly,* for respondent.