ANGELO LUCCHETTI *vs.* SUPERIOR COURT.

FEBRUARY 28, 1958.

PRESENT: Condon, C. J., Roberts, Andrews, Paolino and Powers, JJ.

ANDREWS, J. This is a petition for a writ of certiorari to review and quash an order, entered by the superior court

in a proceeding for a divorce from bed and board, requiring the petitioner herein, who is the respondent in that proceeding, to pay a stated amount of money each week as allowance for the support of his wife. The writ was issued and the record of the superior court has been duly certified to this court for our examination.

This case is ruled by *Roy* v. *Roy*, 44 R. I. 160, where the essential facts are substantially the same as in the case at bar. In that case it appears that the husband had previously filed a petition for divorce whereupon the wife filed a motion for an allowance. The motion was granted and the husband was ordered to pay his wife a certain amount weekly commencing March 3, 1919. On July 10, 1919 the petition of the husband was denied and dismissed. The husband had, however, complied with the support order. On March 20, 1920, the wife filed a petition for divorce from bed and board on the ground that the husband had failed to furnish her with necessaries for the year prior to that date. This court stated at page 162: "This is in effect an allegation that the respondent has neglected to provide for her support since March 20, 1919. But from March 3, 1919, to July 10, 1919, the petitioner was receiving fifteen dollars per week from her husband for her support under the order and decree of the Superior Court. We think that the present petition was prematurely filed and for that reason it should have been dismissed."

In the instant case the papers certified to us disclose that on August 5, 1953 the wife filed a petition for divorce against her husband on the ground of extreme cruelty. On October 9, 1953 the husband filed a cross petition. On September 27, 1954 a support order was entered for the wife. The petition and cross petition were denied and dismissed on May 25, 1955 and neither party prosecuted a bill of exceptions to this court.

It also appears from the record that on January 5, 1956 the wife filed a second petition for divorce from bed and

board on the ground that the husband had neglected to furnish her with necessaries during the year next preceding the filing of the petition. On August 27, 1956 she filed a motion for an allowance for her support pending the hearing on the merits, and on October 26, 1956 the husband was ordered to make certain weekly payments for her support. This is the order the petitioner herein seeks to have quashed. It is clear from the record that the wife had received support from the husband under the first order at least until the first part of May 1955, only eight months prior to the filing of the second divorce petition.

The wife relies upon the recent cases of *Lacombe* v. *Lacombe,* 78 R. I. 118, and *Cairo* v. *Cairo,* 83 R. I. 502, 120 A.2d 556. In each of those cases the ground for divorce was, as here, neglect to provide within the year prior to the filing of the petition, and in each case it appeared that at some time during the year the husband had contributed to the support of the wife. But there was not, as here and in *Roy* v. *Roy, supra,* a prior divorce case in which the extent of the husband's liability for support had been judicially fixed and paid in such a way as to make it res judicata for a definite period at the beginning of the year during which the neglect to provide was charged. Since the ground for divorce could not be proved the challenged order should not have been entered.

The practice of having the superior court as the party respondent in a petition for a writ of certiorari to review and quash an order entered by that court in a case before it is not good practice and the petition in such case should be entitled in the names of the parties in that court. In this proceeding the superior court is a nominal respondent solely for the purpose of having the record of the case before it certified to this court.

The relief prayed for is granted, the order for support *pendente lite* heretofore entered in the divorce action now pending between the petitioner herein and his wife is

quashed, and the record certified to us by the superior court is ordered returned to that court with our decision endorsed thereon.

*Charles H. Drummey,* for petitioner.

*Ralph Rotondo,* for respondent Angelina Lucchetti.